**DEREK SMITH LAW GROUP, PLLC**
TIMOTHY J. PROL, ESQ.
PA Attorney ID: 319524
NJ Attorney ID: 125782014
1628 Pine Street
Philadelphia, PA 19103
Phone: 215-391-4790
Fax: 215-893-5288
Email: tim@dereksmithlaw.com
*Attorneys for Plaintiff, Dana McFarlin*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DANA MCFARLIN | : |
| | : Civil Action No. _____ |
| *Plaintiff* | : |
| v. | : |
| WAYFAIR, LLC, and | : |
| CARLO TURENNE (individually) | : JURY TRIAL DEMANDED |
| *Defendants* | : |

**CIVIL ACTION COMPLAINT**

Plaintiff, Dana McFarlin, by and through undersigned counsel, hereby files this Civil Action Complaint against Defendants Wayfair LLC, and Carlo Turenne ("Defendants") and avers the following:

**NATURE OF CASE**

1. Plaintiff complains pursuant to 1964 Civil Rights Act ("Title VII"), violations of the New Jersey Law Against Discrimination (NJLAD or LAD) N.J.S.A. 10:5-1 *et. seq.*, and seeks damages

1

to redress the injuries Plaintiff has suffered as a result of being subjected to discrimination, retaliation, and wrongful termination by Defendants.

2. Furthermore, this action is to redress the Defendants' unlawful employment practices against Plaintiff, including Defendants' unlawful discrimination against Plaintiff because of her sex and for Defendants' wrongful actions against Plaintiff leading up to, and including, her unlawful termination.

3. Plaintiff seeks declaratory and injunctive relief, actual damages, compensatory damages, punitive damages, reinstatement of attorneys' fees, litigation costs, and pre- and post- judgment interest as remedies for Defendants' violations of her rights.

## JURISDICTION, VENUE, AND NON-JURISDICTIONAL PRESCRIPTIONS

4. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, which gives district courts jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

5. This Court has jurisdiction in that this action involves a Federal Question under Title VII of the Civil Rights Act of 1964.

6. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

7. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1343 which gives district courts original jurisdiction over (a) any civil action authorized by law to be brought by any person to redress the deprivation, under color of any State Law, statue, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States, and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of the civil rights.

8. Venue is proper in this district based upon Defendants' principal place of business within Middlesex County in the State of New Jersey, within the District of New Jersey.

9. Additionally, the events that give rise to Plaintiff's claim took place within State of New Jersey, within the District of New Jersey.

10. Plaintiff filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

11. The EEOC issued Plaintiff, a Dismissal and Notice of Rights, also known as a Right to Sue letter.

12. This action is hereby commenced within 90 days of receiving the Notice of Right to Sue letter from the EEOC.

## PARTIES

13. Plaintiff, Dana McFarlin (hereinafter referred to as "Plaintiff"), is a female individual who resides in the State of New Jersey.

14. Defendant, Wayfair LLC (hereinafter referred to as "Defendant Wayfair"), is a corporation with a primary headquarters in 4 Copley Place, Boston, Massachusetts, 02116.

15. Defendant also has a location operating at 18 Hightstown-Cranberry Station Road, Cranberry, New Jersey 08512.

16. Defendant, Carlo Turenne (hereinafter referred to as "Defendant Turenne"), is an employee of Defendant Wayfair.

## MATERIAL FACTS

17. Plaintiff began employment at Wayfair and worked at the 48 Station Road, Cranberry, New Jersey 08512 seasonally from March 22, 2022 to October 17, 2022.

18. Plaintiff returned to employment at Defendant Wayfair on September 11, 2023 at the 18 Hightstown-Cranberry Station Road, Cranberry, New Jersey location.

19. Plaintiff was hired as a seasonal worker and was repeatedly promised that she would be converted to a permanent full-time position.

20. Upon Plaintiff's second hire, Plaintiff began experiencing sexual and verbal harassment from Defendant Turenne.

21. Defendant Turenne offered Plaintiff to stay with him temporarily as she was at the time homeless. Plaintiff advised she would speak to her fiancé about it. Her fiancé advised her to get more information before moving in with a stranger.

22. Defendant Turenne said he "really liked" Plaintiff and didn't want an angry fiancé knocking on his door because he "might want to tap that ass when [he] feels like it" and said her fiancé would not be allowed at the home at all.

23. Plaintiff used Google to discover that Defendant Turenne is a registered sex offender after brutally raping a nine-year-old child in 2011.

24. When Plaintiff, who herself is a domestic violence survivor who was sexually abused as a child, discovered that Defendant Turenne was a registered sex offender, she informed Turenne that she did not want to live with him.

25. Defendant Turenne expressed his consternation and displeasure that Plaintiff would decline to live with him over his sex offender status.

26. Plaintiff informed Defendant Turenne that she was no longer interested in interacting with him unless it was work related.

27. Over the next several days, Defendant Turenne became aggressive in his demeanor towards Plaintiff, making derogatory comments about Plaintiff on the basis of her sex and was generally hostile.

28. Defendant Turenne would drive the forklift and operate power equipment in pedestrian areas near Plaintiff instead of designated lanes for driving.

29. On October 6, 2023, Plaintiff was being assisted by Defendant Turenne to unload a pallet.

30. Multiple employees asked Plaintiff what was going on between her and Defendant Turenne because they had noticed him giving her dirty and intimidating looks.

31. Plaintiff attempted to avoid contact with Defendant Turenne.

32. Plaintiff on October 6, 2023 then made a verbal complaint to Ashley Castillo, Talent Manager/HR.

33. Dominique Hughey (Talent Management/HR), Frank Bedell (Operation/Lead Supervisor), and Luis Ordonez (Supervisor) were all present when Plaintiff made her verbal complaint.

34. Plaintiff advised them of the unsafe, harassing, hostile work environment caused by Defendant Turenne.

35. Ms. Castillo advised she would speak with Defendant Turenne, but that did not occur at all or to any effect, since the harassment against Plaintiff by Defendant Turenne continued unabated.

36. Out of fear for her safety since Defendants failed to prevent the harassment Plaintiff was enduring on the basis of her sex, Plaintiff began calling out of work to protect herself and to avoid working with Defendant Turenne.

37. Plaintiff called several times in September, 2023 for unpaid time off.

38. Plaintiff also called out for medical reasons and for her wedding during this time.

39. In November 2023, Plaintiff was approached by coworker, Aristotelis Papaioannou, who advised that Defendant Turenne had been asking about her.

40. Mr. Papaioannou advised that Defendant Turenne had asked "where if your partner in crime?" and "aren't y'all dating each other?"

41. Mr. Papaioannou did not have a romantic relationship with Plaintiff and this upset both Plaintiff and Mr. Papaioannou.

42. Both Plaintiff and Mr. Papaioannou approached Warehouse Supervisor/Team Lead, Jamhal Richardson, to make a complaint.

43. Mr. Richardson advised he would take action, but the sex-based harassment towards Plaintiff continued.

44. On November 29, 2023, Plaintiff suffered an acromioclavicular joint sprain and had an excused absence from November 29, 2023 to December 5, 2023.

45. Upon information and belief, Defendant Turenne spoke negatively about Plaintiff to other employees, urging them to also treat Plaintiff in a discriminatory manner.

46. Other employees began ignoring Plaintiff when she began speaking to them, exacerbating the hostile work environment permitted by Defendants and by Defendant Turenne's unabated harassment. They and Defendant Turenne would block the exit so that Plaintiff could not pass and engage in other hostility toward Plaintiff.

47. On December 13, 2023, Plaintiff was in a shift meeting when Defendant Turenne approached Plaintiff and abrasively knocked her elbow with his. Defendant Turenne did not apologize for this.

48. That same day, on December 13, 2023, Plaintiff made yet another complaint to upper management through the employee portal to Ms. Castillo.

49. Plaintiff further made a verbal complaint to Operation Manager Qadeer Lewis.

50. Plaintiff then received the following report regarding the investigation into the harassment she had been facing: "Recently, you came forward to report an issue and as a result of your concern we conducted an investigation. We appreciate the fact that you brought your concerns to our attention. At this time, we have concluded the investigation and have taken the necessary actions to address this matter. Due to the confidential nature of any investigation, we are unable to provide you with details on what actions were taken but assure you that Wayfair will address violations of rules and conduct and any other violation of Company policy. Wayfair is committed to providing a work environment where each individual is treated with respect and courtesy at all times."

51. Despite this, the sex-based harassment that Plaintiff had repeatedly reported continued unabated and persisted at the hands of Defendant Turenne.

52. At this time, Plaintiff's probationary period for Defendant Wayfair had already been completed, and Plaintiff's supervisor, Frank Bedell, submitted a request to convert her to a full-time position.

53. Plaintiff received repeated assurances from Plaintiff's supervisor, Frank Bedell that she would be hired full-time.

54. On January 14, 2024, Plaintiff was called into the office of Qadeer Lewis and Jamhal Richardson who advised her she was being terminated for taking too much voluntary time off.

55. Plaintiff had received repeated assurances that the time off which she had been taking in addition to any Paid Time Off (PTO) she had due to the harassment from Defendant Turenne which Defendant Wayfair failed to address, prevent, or alleviate, would not penalize her.

56. Defendant Wayfair, Talent Management/HR, warehouse supervisors and operation managers all knew about or should have known about the harassment and retaliation being faced

by Plaintiff yet failed to take prompt action to stop it after being notified verbally and in person and also by written request/ ERC grievance report system.

57. On January 18, 2024, Plaintiff spoke with Dominque Hughey from the HR department.

58. Ms. Hughey advised Plaintiff that the reason Plaintiff was terminated was because Respondent Wayfair had decided to end her seasonal employment.

59. Defendant Wayfair's reasoning for termination was merely pretextual as evidenced by the fact that Plaintiff was given vastly different reasons for termination.

60. The above are just some examples of some of the discrimination and retaliation to which Defendants subjected Plaintiff on a continuous and on-going basis throughout Plaintiff's employment.

61. Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

62. Plaintiff claims that Defendants unlawfully discriminated against and terminated Plaintiff because of her membership in a protected class and because she complained or opposed the unlawful conduct of Defendants related to the protected classes.

## CAUSES OF ACTION

### COUNT I
### Sex Discrimination in Violation of
### Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.
### (*Plaintiff v. Defendant Wayfair, LLC*)

63. Plaintiff repeats, incorporates by reference, and realleges every allegation in this Complaint as if fully set forth herein at length.

64. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 provides in relevant part: "It shall be unlawful employment practice for an employer (1) to fail or refuse to hire or discharge

any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

65. At all times material, Plaintiff's sex was and is female.

66. At all times material, Defendants had actual or constructive knowledge of Plaintiff's sex.

67. Defendants subjected Plaintiff to disparate treatment in the terms of conditions of her employment during her employment because of her sex by failing to address, alleviate, or prevent discrimination and harassment by Defendant Turenne.

68. Defendants terminated Plaintiff's employment on January 14, 2024.

69. At all times material, Plaintiff's sex was the motivating and/or determinative factor in Defendants' disparate treatment of Plaintiff and decision to discriminate against, retaliate against, and terminate Plaintiff's employment.

70. Defendants' decision to terminate Plaintiff because of Plaintiff's sex was intentional, willful, and made with reckless indifference to Plaintiff's federally protected civil rights.

71. Defendants' decision to terminate Plaintiff's employment because of Plaintiff's sex is an unlawful employment practice in violation of Title VII.

72. As a direct and proximate result of Defendants' unlawful termination of Plaintiff's employment in violation of Title VII because of her sex, Plaintiff has suffered and continues to suffer emotional and financial harm.

## COUNT II
### Hostile Work Environment in Violation of
### Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq
### (*Plaintiff v. Defendant Wayfair, LLC*)

73. Plaintiff repeats, incorporates by reference, and realleges every allegation in this Complaint as if fully set forth herein at length.

74. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 provides in relevant part:

> "It shall be unlawful employment practice for an employer (1) to fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) limit, segregate, or classify his employees or applicants for employment in any wat which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

42 U.S.C. § 2000e-2

75. Title VII also prohibits hostile work environment harassment, defined as unwanted comments or conduct regarding the Plaintiff's protected characteristics that have the purpose or effect of unreasonably interfering with the terms and conditions of the Plaintiff's employment. *Harris v. Forklift Systems*, 510 U.S. 17, 21 (1993).

76. Defendant Wayfair, LLC intentionally permitted and failed to prevent, alleviate, or remedy discrimination against Plaintiff in the terms and conditions of her employment on the basis of Plaintiff's sex.

77. Defendants Wayfair, LLC abused its authority over the terms and conditions of Plaintiff's employment to create a hostile work environment.

78. At all times material, Defendant Turenne's intentional, discrimination based on Plaintiff's sex was known to Defendant Wayfair, LLC and was not welcomed by Plaintiff.

79. At all times material, the intentional, discrimination based on Plaintiff's sex by Defendants was so severe and/or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive.

80. At all times material, Plaintiff believed her work environment to be hostile or abusive as a result of Defendant Turenne's discriminatory conduct on the basis of Plaintiff's sex which Defendant Wayfair, LLC failed to prevent or address.

81. The hostile work environment alleged herein was so extreme that it resulted in material changes to the terms and conditions of Plaintiff's employment.

82. Defendant Wayfair, LLC provided a futile avenue for complaint.

83. Defendant Wayfair, LLC retaliated against Plaintiff for her complaints.

84. Defendant Wayfair, LLC acted upon a continuing course of conduct.

85. Defendant Wayfair LLC's unlawful actions towards Plaintiff were intentional, willful, and made with reckless indifference to Plaintiff's federally protected civil rights.

86. As a result of Defendant Wayfair LLC's violations of Title VII, Plaintiff has suffered damages, including, but not limited to past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

## COUNT III
**Retaliation in Violation of**
**Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.**
*(Plaintiff v. Defendant Wayfair, LLC)*

87. Plaintiff repeats, incorporates by reference, and realleges every allegation in this Complaint as if fully set forth herein at length.

88. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be an unlawful employment practice for an employer "(1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

89. As alleged herein, Plaintiff engaged in protected activity under Title VII including, but not limited to opposing and reporting Defendants' unlawful discriminatory employment practices.

90. At all times material, Plaintiff acted under a reasonable, good-faith belief that Plaintiff's right to be free from discrimination in the workplace was being violated by Defendants' conduct.

91. Defendants subjected Plaintiff to materially adverse employment actions subsequent to Plaintiff reporting discriminatory conduct, culminating in Defendant's termination of Plaintiff's employment on January 14, 2024.

92. At all times material, Plaintiff's protected opposition activity was the determinative factor in some or all of Defendant's materially adverse actions against Plaintiff.

93. At all times material, Plaintiff's protected opposition activity was the but-for cause of some or all of Defendant's materially adverse actions against Plaintiff.

94. The temporal proximity between Plaintiff's protected activity and Defendant's decision to take materially adverse action against Plaintiff is unusually suggestive of a retaliatory motive and gives rise to an inference of causation.

95. Defendant's materially adverse actions against Plaintiff in retaliation for Plaintiff's protected opposition activity were intentional, willful, and made with reckless indifference to Plaintiff's federally protected civil rights.

96. Defendant's actions to take materially adverse employment actions against Plaintiff in retaliation for Plaintiff's protected opposition activity are unlawful employment practices in violation of Title VII.

97. Defendant is vicariously liable for the unlawful actions of its employees or agents against Plaintiff in the course and scope of their employment with Defendant.

98. As a result of Defendant's retaliatory conduct in violation of Title VII of the Civil Rights Act of 1964, Plaintiff has suffered and continues to suffer emotional and financial harm.

## COUNT IV
### Sex Discrimination in Violation of New Jersey Law Against Discrimination (NJLAD or LAD) N.J.S.A. 10:5-1 et. seq., (*Plaintiff v. Defendant Wayfair, LLC*)

99. Plaintiff repeats, incorporates by reference, and realleges every allegation in this Complaint as if fully set forth herein at length.

100. Defendant was an employers and supervisor/manager of Plaintiff.

101. Plaintiff is a woman and this is a protected classes as defined by the NJLAD.

102. Defendants' actions as set forth above and incorporated herein violate the NJLAD.

103. Defendants individually and jointly, in their individual and official capacities, took adverse action against plaintiff or allowed others to take adverse action against plaintiff based on Plaintiff's sex.

104. At all pertinent times, the discriminatory actions complained of herein occurred in New Jersey and Plaintiff was unlawfully discriminated against on the basis of her sex.

105. As a direct and proximate result of Defendants' retaliation and unlawful termination of Plaintiff's employment in violation of NJLAD's prohibitions against sex discrimination Plaintiff has suffered and continues to suffer emotional and financial harm including loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expenses, emotional damages, embarrassment, humiliation, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

106. Defendants' actions were willful and wanton and thus require the imposition of punitive damages.

107. Alternatively, Defendants' actions were motivated by discrimination and retaliation and thus Plaintiff is entitled to attorney's fees under the mixed motive theory of liability.

## COUNT V
### Hostile Work Environment in Violation of
### New Jersey Law Against Discrimination (NJLAD or LAD) N.J.S.A. 10:5-1 et. seq.,
### (*Plaintiff v. Defendant Wayfair, LLC*)

108. Plaintiff repeats, incorporates by reference, and realleges every allegation in this Complaint as if fully set forth herein at length.

109. Defendants are employers and supervisors/managers of Plaintiff.

110. Defendant Wayfair, LLC intentionally discriminated against Plaintiff in the terms and conditions of his employment on the basis of Plaintiff's sex.

111. Defendant Wayfair, LLC had the authority to control Plaintiff's work environment, and they abused that authority to create a hostile work environment.

112. At all times material, Defendant Wayfair, LLC's intentional, discrimination based on Plaintiff's sex was not welcomed by Plaintiff.

113. At all times material, the intentional, discrimination based on Plaintiff's sex by Defendant Wayfair, LLC was so severe and/or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive.

114. At all times material, Plaintiff believed her work environment to be hostile or abusive as a result of Defendant Wayfair, LLC's discriminatory conduct on the basis of Plaintiff's sex.

115. The hostile work environment alleged herein was so extreme that it resulted in material changes to the terms and conditions of Plaintiff's employment.

116. Defendant Wayfair, LLC provided a futile avenue for complaint.

117. Defendant Wayfair, LLC retaliated against Plaintiff for her complaints.

118. Defendant Wayfair, LLC acted upon a continuing course of conduct.

119. Defendant Wayfair, LLC's unlawful actions towards Plaintiff were intentional, willful, and made with reckless indifference to Plaintiff's state and federally protected civil rights.

120. As a result of Defendant Wayfair, LLC's violations of NJLAD, Plaintiff has suffered damages, including, but not limited to past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

### COUNT VI
**Retaliation in Violation of New Jersey Law Against Discrimination (NJLAD or LAD)**
**N.J.S.A. 10:5-1 et. seq.**
(*Plaintiff v. Defendant Wayfair, LLC*)

121.  Plaintiff repeats, incorporates by reference, and realleges every allegation in this Complaint as if fully set forth herein at length.

122.  Plaintiffs complaints and requests that defendants remedy the previously-described unlawful discrimination and harassment were responded to in a retaliatory manner, subjecting plaintiff to further discrimination and unreasonable and unnecessary exposure to a harassing, discriminatory and hostile workplace environment in violation of the Law Against Discrimination, N.J.S.A. 10:5-1, et. seq.

123.  Defendant's retaliatory and illegal conduct towards Plaintiff was in direct violation of the protections and guarantees of the Law Against Discrimination, N.J.S.A. 10: 5-1, et. seq.

124.  Defendant's retaliatory and illegal conduct towards Plaintiff violated the Law Against Discrimination's clear mandate of public policy that discrimination and harassment based upon the sex of an employee is a cancer upon society that must be eradicated, and that individuals have a statutory right to freedom from such harassment and discrimination without retaliation from either their employers or co-employees.

125.  As a direct and proximate result of Defendant's retaliation and unlawful termination of Plaintiff's employment in violation of NJLAD's prohibitions against discrimination Plaintiff has suffered and continues to suffer emotional and financial harm including loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expenses, emotional damages, embarrassment, humiliation, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

126. Defendant's actions were willful and wanton and thus require the imposition of punitive damages.

127. Alternatively, Defendant's actions were motivated by the foregoing discrimination and retaliation and thus Plaintiff is entitled to attorney's fees under the mixed motive theory of liability.

## COUNT VII
**Aiding and Abetting in Violation of New Jersey Law Against Discrimination (NJLAD or LAD) N.J.S.A. 10:5-1 *et. seq.*,**
*(Plaintiff v. Defendant Turenne)*

128. Plaintiff incorporates by reference and realleges every allegation in this Complaint as if fully set forth herein at length.

129. New Jersey's Law against Discrimination Section 10:5-12(e) sets forth in pertinent part as follows: "Unlawful employment practices, discrimination. It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination: e) For any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so."

130. Defendant engaged in an unlawful discriminatory practice by aiding and abetting the discrimination against the Plaintiff as set forth herein.

131. Defendant violated all other applicable sections of N.J. Stat. § 10:5-12(e) *et. Seq*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the named Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, including but not limited

to all emotional distress and lost wages, punitive damages, liquidated damages, equitable damages, statutory damages, attorneys' fees, costs, interest and disbursements of action, and for all other relief and remedies available under the law or at equity.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

                                              Respectfully submitted,

                                              **DEREK SMITH LAW GROUP, PLLC**
                                              By: */s/ Timothy J. Prol, Esquire*
                                              TIMOTHY J. PROL, ESQ.
                                              PA Attorney ID: 319524
                                              NJ Attorney ID: 125782014
                                              1628 Pine Street
                                              Philadelphia, PA 19103
                                              Phone: 215-391-4790
                                              Fax: 215-893-5288
                                              Email: tim@dereksmithlaw.com
Date: November 27, 2024                    *Attorneys for Plaintiff, Dana McFarlin*